Kinkade, J.
 

 This is an action to enforce payment of a commission of $340 due for services rendered in effecting a sale of real estate. The broker secured a judgment in the trial court for the full amount claimed; the Court of Appeals on error affirmed this judgment.
 

 The plaintiff in error, the owner of the real estate, herein referred to as owner, employed by verbal contract the defendant in error, herein referred to as broker, to sell the real estate in question. The price fixed was $9,000 net to the owner, the broker to get his commission, the amount of the commission not then being definitely fixed, out of the excess of the sale price over $9,000.
 

 The broker interested and negotiated with one Levine, herein referred to as the buyer, and brought
 
 *31
 
 the owner and the buyer together for a conference. This meeting availed nothing. The buyer declined to pay $9,000 for the property and the owner declined to reduce the selling price of $9,000 net. The negotiations were ended and the parties separated, the owner understanding that he could not sell on the terms demanded, the buyer that he could not buy on terms satisfactory to him, and the broker that he could not get any commission because he had been unable to complete any contract of sale out of which an obligation to pay him a commission could arise. Apparently, the whole matter was at an end, and the rights and obligations of the parties respectively were the same in all respects as they were before the owner employed the broker and before the broker saw the buyer. It was true, however, that the owner was very anxious to sell, the buyer desired to buy, and the broker wanted to secure a commission.
 

 The owner, a few days later, requested the broker to again see the buyer and secure another meeting of the parties, nothing being said by either the owner or the broker about commission at this time. The broker, pursuant to this request of the owner, effected another meeting of the three parties at the home of the broker. The sale price was the main question there discussed. The owner and the buyer there finally agreed on a sale price of $8,500, whereupon the buyer asked the owner, in the presence of the broker, if any commission was to be paid to the broker, and the owner replied that he would take care of the commission. Evidently the buyer was somewhat apprehensive that the broker might claim a commission from him for
 
 *32
 
 having found for him a property such as the broker knew that he, the buyer, was desirous of purchasing, and the buyer wanted to clear that matter up before finally concluding the purchase from the owner. The answer of the owner set the question of commission at rest with the buyer. The broker was satisfied that the owner would take care of the commission as he said he would, so the broker said nothing.
 

 Had the owner then taken the position, not that he would take care of the commission, but that he had taken care of the broker by his original contract, that is to say, that the broker could only get a commission in case the property sold for a sum in excess of $9,000, and that nothing was due the broker as the sale price was only $8,500, manifestly the broker would have been obliged then and there to assert his right to a commission, and for him to have remained silent under such circumstances would have amounted to a waiver of his right to collect a commission from either party. Had the owner then taken such a position, that might easily have defeated the sale. The buyer might not have consented to pay the owner $8,500, and then incur " the risk of being obliged to pay the broker a commission. When the owner said in the presence of the broker that he would take care of the commission, that satisfied the buyer so far as commission was concerned. It also satisfied the broker, and it facilitated the closing of the deal between the owner and the buyer which might otherwise have failed of completion. From this meeting the three parties went to the office of the escrow agent to deposit the deed and
 
 *33
 
 arrange for the closing np of the necessary details later. On arriving there, the escrow agent inquired if the situation involved the payment of any commission to the broker, and the owner again said, in substance, the same thing, that he would take care of the commission, not that he had taken care of the commission, but that he would take care of the commission, and this second statement had the same effect upon the buyer and the broker that the first statement had at the former meeting. That is to say, it satisfied both the buyer and the broker that the seller would take care of the commission, or, in other words, would pay the commission to the broker. The amount of the commission was not mentioned by any of the parties at the meeting at the home of the broker, nor was the amount mentioned at the office of the escrow agent. The broker testified as to the usual commission payable in sales of real estate in Cleveland at that time as 4 per cent.; but even without this testimony, if a contract were found to exist between the owner and the broker to pay a commission, the law would supply the omitted item of the contract by fixing a reasonable commission. There is really no dispute between the parties here as to the amount of the commission if the owner is obliged to pay any commission at all. On pages 21, 22, and 23 of the record, the broker testified that the facts were as stated herein. On pages 24 and 25, the broker’s wife testified that the facts were as stated by the broker at the meeting at the broker’s house, and on pages 26 and 27 of the record the buyer testified that the facts were as stated herein. It is true, as shown by the record,
 
 *34
 
 that the owner testified that he did not say that he would take care of the commission, but did say that he had an understanding with the broker, and that there was to be no commission, the sale having been made for less than $9,000. The evidence in the case was in sharp conflict as to the statements made relative to commission at these two meetings. The jury might well have found the fact to be as stated by the broker, his wife, and the buyer, and not as stated by the owner.
 

 It is claimed here, on the part of the owner, that he had a definite contract that the broker was not to have any commission except that which he could procure out of a sale price in excess of $9,000, and that is not disputed by the broker. The contract was entirely definite and certain between the owner and the broker, and, had nothing further taken place between the parties, the broker could not have recovered any commission. A number of authorities is cited by counsel for the owner to this effect. These authorities state correct principles of law, but they are not applicable to the situation as it developed here. That which took place at the second meeting of the parties clearly amounted to a new contract between the owner and the broker with respect to commission, and that contract was quite as valid as the first one, and quite as plainly sustained by a valid consideration, to wit, the effecting of the sale at the new price at which the owner was willing to part with his property. The statement made by the owner at the second meeting of the parties and at the further meeting of the parties with the escrow agent was amply sufficient to lead both the broker and the buyer to under
 
 *35
 
 stand that the owner intended to pay a commission to the broker, notwithstanding the reduction in the sale price. There is quite sufficient evidence in the record to sustain a finding that the buyer so understood the situation, as did also the broker, and the status of the subject-matter under consideration was such that, had the owner intended not to pay any commission to the broker, it was his duty at that point to make that entirely plain in order that the broker might have the opportunity to present a claim for commission to the buyer, if he desired so to do. It would be manifestly unjust to hold that the owner might say that which would lead both the buyer and the broker to think that the owner intended thereafter to take care of the commission with the broker, and thus have no question arise that might defeat the sale, and then permit the owner to step back into the position taken in the first contract that he made with the broker and deny the right of the broker to receive any commission at all because the sale price had not exceeded $9,000. We see no error in the proceedings either in the trial court or in the Court of Appeals, and therefore the judgment must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Robinson, Jones and Matthias, JJ., concur.