## DURBIN & KORYTA CO v TANNENBAUM et.

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9785. Decided March 18, 1929

Harry R Scobie, Ceveand, for Co.
Bishop & Bishop, Cleveland, for Tannenbaum.

VICKERY, PJ.

Where a real estate broker has been employed and he is the means of procuring the sale, if the seller of the property sells direct to this purchaser at a lower price than the real estate man or broker had been given authority to sell it, the broker could not thus be deprived of the right to compensation. The broker was the moving cause of producing the purchaser, and it would be inequitable and unfair, and would open the door wide for fraud if, after a prospective purchaser has been introduced to the sellers, they then, by a simple act of their own terminate their relation with the broker and make a sale direct to the purchaser and thus defeat the broker in his right to recover compensation.

We are not saying that there could not be a mutual rescission of the contract and all rights of the brokers given up, so that the seller might deal with the customer that had been theretofore introduced to them by the brokers, but the rescission of that contract must be by mutual consent. An owner of the property cannot himself terminate that relation without the consent of the broker, and particularly where he immediately deals with a customer produced by the broker.

We are cited the case of **Dethloff vs. Starbuck, 116 OS. 29,** by the plaintiff in error, who claims it to be a case sustaining his contention. We do not think an examination of that case will bear out his contention at all.

We think the second syllabus is much more in point in the instant case than the first syllabus of the case.

We think an examination of this record will show that the plaintiff brokers were entitled to their commission and the court erred in holding as he did for the defendants.

Sullivan and Levine, JJ, concur.