CORBIN, d. b. a. CORBIN REALTY COMPANY, Plaintiff-Appellee, v. SMITH et, Defendants-Appellants.

Ohio Appeals, Second District, Clark County.

No. 540. Decided April 22, 1957.

Rush & Henderson, Springfield, for plaintiff-appellee.
Durfey, Martin, Browne & Hull, Springfield, Forest Hogue, Fairborn, for defendants-appellants.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Clark County, entered on a verdict rendered in favor of the plaintiff in the amount of $4,100.00 in an action wherein the plaintiff sought to recover a real estate broker's commission.

Plaintiff alleges that on or about March 20, 1954 the defendants entered into an oral contract with the plaintiff whereby the plaintiff was to procure a purchaser for defendants' farm real estate at a price acceptable to the defendants; that if plaintiff was successful in procuring a purchaser for defendants' farm he was to be compensated for his services as a real estate broker; that plaintiff, relying on said oral contract, did procure a purchaser for said premises, which purchaser paid a sum of $82,000.00 for said real estate. The answers of defendants, after admitting that the premises in question were sold by them for the sum of $82,000.00, were in the nature of a general denial. The jury returned a general verdict for the plaintiff for 5% on the purchase price, to-wit: $4,100.00.

The defendants assign as error the action of the court in sustaining plaintiff's motion for directed verdict at the conclusion of all of the evidence. The record shows that counsel for the defendants, before the court directed the verdict, moved to submit the matter to the jury. This motion was sustained and the matter was submitted to the jury. The action of the court did not work to the prejudice of the defendants. This assignment of error is not well made.

For their second and sixth assignments of error the defendants raise the question as to the propriety of the court limiting the issues during the progress of the trial to the question as to whether or not the plaintiff secured a purchaser, and with respect to the special instructions. During the progress of the trial, the court, in several instances, stated that the issue is whether or not the plaintiff, through his services, was the procuring cause of the sale. The court gave a special instruction, which reads as follows:

"I charge you, Members of the Jury, that a broker is entitled to a commission even if he did not bring the purchaser and seller together or even if he did not show the property to the purchaser, if the jury finds by a preponderance of the evidence that he was in fact the procuring cause of the sale under such circumstances that the law attaches an obligation on the part of the sellers to pay the broker's commission."

The evidence presented in support of the plaintiff's claim is to the effect that plaintiff was employed as a real estate broker to procure a purchaser for defendants' real estate at a price acceptable to the defendants, and that the plaintiff should be paid a broker's commission if a purchaser was procured. The record shows that plaintiff produced Mr. Paul E. Cronley as a prospective purchaser, took him to the farm on two occasions, introduced him to the tenant farmer, with whom Mr. Cronley made satisfactory arrangements whereby the tenant farmer would be retained on the farm; plaintiff introduced the purchaser to one of the three defendants, who were tenants in common, and the other defendants were advised that Mr. Cronley was a prospective purchaser; that the plaintiff succeeded in having Mr. Cronley make at least two separate offers, one for $75,000 and another for $77,000, as the purchase price for the farm, both of which offers were rejected by the defendants; that these negotiations took place over a period of approximately three weeks; that at this juncture the prospective purchaser made direct contact with the defendants and approximately one month later entered into a contract whereby he agreed to purchase said property for $82,000. This deal was later consummated. The evidence shows that plaintiff attempted to get the parties together on the price up until the date of the sale.

The position of the trial court was that since the deal was consummated the question as to whether the price was acceptable to the defendants was no longer an issue. The court followed the ruling of this Court in **Portney v. Frank, 77 Oh Ap 357, 65 N. E. (2d) 290.** The second paragraph of the syllabus is as follows:

"Where a real estate broker sues for a commission, and the evidence most favorable to plaintiff's case tends to prove that the broker and the owner entered into an oral agreement whereby the broker was employed to sell the owner's property at an 'open figure,' and the broker thereupon made an effort to procure a purchaser and presented an offer from a prospective purchaser, which offer was rejected by the owner, after which the broker continued his efforts to effect a sale, and within two months after the offer was rejected the owner and purchaser, without the knowledge of the broker, consummated a sale, the broker is the 'procuring cause' of the sale and is entitled to recover the customary commission based on the actual sale price."

The facts in this case, when construed most favorably to the plaintiff's cause, require the application of the rule laid down in Portney v. Frank. The following cases cited by counsel for the appellant in support of this assignment of error are distinguishable on the facts. In **Hoffman v. Rosendahl, 101 Oh Ap 526; Hoke, et al., v. Marcis, 71 Abs 364, 127 N. E. (2d) 54; Schmidt, Inc., v. Brock, 97 Oh Ap 469, 127 N. E.**

(2d) 219; **Schaefer v. Winkler, 82 Oh Ap 435, 81 N. E.** (2d) 544, the broker agreed to procure a purchaser for a specific price agreed upon between the broker and the seller. In the case at bar, the broker was employed to procure a purchaser at a price acceptable to the sellers. The court, in the submission of this case, limited the issues to the questions whether the plaintiff had been employed to procure a purchaser, and whether plaintiff was the procuring cause of the sale. The special instruction was in all respects proper on the evidence and the issue presented.

The appellants contend that the court erred in allowing testimony of witnesses as to the statements made by the purchaser not in the presence of the defendants. These statements were elicited by counsel for the purpose of showing that a continuous effort was made by the plaintiff to consummate a deal between the purchaser and the defendants. This line of testimony falls within the rule stated in **Vol. 21, O. Jur. 2d, Sec. 288, page 302.** Furthermore, it is our conclusion that this evidence was in no respect prejudicial to the rights of the appellants.

For their fourth assignment of error the appellants claim that the court erred in refusing to allow the testimony of Howard Dye with respect to a conversation which took place between an agent of the plaintiff and one of the defendants. The court took the position that the evidence was in the nature of impeachment and that no foundation had been laid for such impeaching testimony. Counsel for the appellants conceded that the testimony would to some degree impeach the testimony of the agent for the plaintiff, but strongly urged that the testimony was admissible without having laid any foundation. This Court can not determine from the record whether the testimony sought to be introduced by the defendants on direct examination of their own witness was or was not in the nature of impeaching testimony, since no proffer was made of such testimony. This assignment of error is not well made.

For their fifth assignment of error appellants contend that the court erred in refusing to charge the jury upon request of counsel for the appellants as to the obligation which an agent owes to his principal to apprise the principal of all matters affecting the transaction. There was no issue made in this case which would require such a charge. The court did not commit prejudicial error in refusing to give a charge on this matter.

We find no error committed by the trial court, as stated in appellants' seventh assignment of error, in overruling defendants' motion to strike the answer of a witness. Neither does this Court find any prejudicial error committed, as claimed in the eighth assignment of error, in admonishing the jury and in stating "although, of course, you are free in your own minds to be thinking about the case and considering whatever you wish, mentally."

After a careful examination of the entire record in this case it is our opinion that this cause was fairly tried and that substantial justice has been done. We conclude that the verdict of the jury was not contrary to law nor manifestly against the weight of the evidence, as claimed in appellants' ninth assignment of error.

Finding no error in the record prejudicial to the rights of the appellants, the judgment is affirmed.

HORNBECK, PJ, WISEMAN and CRAWFORD, JJ, concur.