EBERLE, Plaintiff, v. BERTLE et, Defendants.

Common Pleas Court, Tuscarawas County.

No. 34675.   Decided April 7, 1961.

*Messrs. Syler & Redinger*, for plaintiff.
*Mr. John L. Woodard*, for defendant.

LAMNECK, J. In this action the plaintiff seeks to recover the sum of $450.00 from the defendants claimed to be due as a commission for the sale of a residence property in the city of Dover, Ohio, owned by the defendants, which sale the plaintiff alleges was effected by her efforts as a real estate broker under an oral contract with the defendants.

By agreement this cause was tried to the Court without the intervention of a jury.

The evidence discloses substantially that a Mr. and Mrs. Charles Parker contacted the plaintiff, a licensed real estate broker, during the last week of December 1959, or the first week of January 1960, for the purpose of informing her that they were in the market for a suitable residence property and securing her assistance in purchasing one.

The plaintiff was aware at that time that the defendants had their property located at 203 Regent Street in the city of Dover, for sale. It was not listed for sale with the plaintiff or any other real estate broker.

Shortly after the Parkers contacted the plaintiff, the latter called Mrs. Kathleen Bertle, who with her husband, John Bertle, were the owners of the aforesaid premises and the defendants in this action, on the telephone. The plaintiff asked Mrs. Bertle if the property in question was for sale and she was informed that it was. Mrs. Bertle told the plaintiff in the same conversation that they would sell the property for $8500.00 net. Then the plaintiff asked whether it would be satisfactory for her to say it was for sale for $8950.00 which would include a commission of $450.00 for her services for making the sale. Mrs. Bertle then said this would be satisfactory as long as they received $8500.00 net for the property.

Thereafter the plaintiff came to view the premises to see if it met the needs of her prospect. On the same day at a later time she brought the Parkers to look it over. The Parkers told the plaintiff then or sometime thereafter that the property was not suitable to their needs and that the price was too high. No

sale was consumated, although the plaintiff claims she made two subsequent visits to the Parkers.

Several weeks after the original contact, a son of the Parkers brought his parents directly to the home of the defendants. After some negotiation, it was finally agreed that the defendants would sell their premises to the Parkers for $8700.00. The defendants claim that they raised the price from $8500.00 to $8700.00 as the sale was to include a television tower which they had not intended to be included in the $8500.00 quotation.

The plaintiff claims that she had made some contact with the Surety Savings and Loan Company on behalf of the Parkers in reference to a loan but not at the time the sale was effected. The sale was finally concluded on January 27, 1959, for the sum of $8700.00. The aforesaid Surety Savings and Loan Company was given a mortgage on the premises at the time the sale was consumated. The plaintiff had no written contract with the defendants.

Before a real estate broker is entitled to collect a commission for the sale of property he must show that he was the "procuring cause" for the sale. The broker must originate a series of events at the solicitation or with the approval of the owner which without break in their continuity, produces a purchaser ready, willing and able to buy the real estate on the owner's terms.

In the instant case the evidence shows:

1. That the plaintiff was engaged by the Parkers to assist the latter in finding a suitable home for purchase.

2. The plaintiff's services were neither requested nor solicited by the defendants.

3. The plaintiff had no more than an informal, oral, open or nonexclusive listing of the property at a stated selling price of $8950.00 to include commissions.

4. After the original refusal of the Parkers to buy for $8950.00 plaintiff was practically inactive in promoting a sale.

5. The plaintiff made no attempt to bring the Parkers and the defendants together for a subsequent discussion relative to the sale of the property at a mutually satisfactory price.

6. During the time that the plaintiff was inactive, the de-

fendants and the Parkers entered into direct negotiations for the first time which resulted in a sale at a price of $8700.00 without the assistance of the plaintiff.

In the instant case, the plaintiff did not produce a buyer ready, willing and able to purchase the property for the sum of $8950.00. Under an informal, oral, open and non-exclusive listing of property for sale with a licensed real estate broker for a fixed price, the mere fact that a broker shows a property to a possible purchaser does not in and of itself entitle the broker to a commission when such possible purchaser becomes the actual purchaser at a later time for a sum lower in amount than that quoted the broker under circumstances uninfluenced by the broker.

It is well established as a general rule that where the listing of a property for sale between a real estate broker and the owner expressly provides that the payment of commissions is dependent on obtaining a certain price for the property, the broker cannot recover even though the owner sells at a lower price to a person to whom the broker has first shown the property, unless the broker is prevented from making the sale by the fault of the owner. See 46 A. L. R. (2d), 859; *Dethloff* v. *Starbuck*, 116 Ohio St., 29, 155 N. E., 552; *Bauman* v. *Worley*, 166 Ohio St., 471, 143 N. E. (2d), 820; and *Mars* v. *Miclau*, 168 Ohio St., 144, 151 N. E. (2d), 735.

If the plaintiff's claim was allowed in this case, the defendants would receive a net sale price of $8250.00 which is $250.00 less than the net sale price quoted to the plaintiff when the latter first contacted the defendants, assuming that the television aerial was included in the original quotation.

In *Corbin* v. *Smith*, 104 Ohio App., 274, 151 N. E. (2d), 735, and in *Portney* v. *Frank*, 77 Ohio App., 357, 65 N. E. (2d), 290, cited by the plaintiff, the oral listings therein were at an ''open figure'' at a price acceptable to the defendants and not at a fixed price as in the instant case.

For the foregoing reasons, the court finds that the plaintiff was not the ''procuring cause'' for the sale of the defendant's property herein referred to. Judgment accordingly.